UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIRECT BIOLOGICS, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 4:18CV2039 HEA |
| | ) |
| v. | ) |
| | ) |
| KIMERA LABS, INC., | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Count III, [Doc. No. 40]. The motion is fully briefed. For the reasons set forth below, the Motion is denied.

## Facts and Background[1]

Plaintiff brought this action seeking specific performance and injunctive relief against Defendant. Plaintiff's First Amended Complaint alleges breach of contract (Count I), seeks injunctive relief against a former employee (Count II), and alleges a breach of an implied warranty of merchantability (Count III).

With respect to Count III, Plaintiffs' Amended Complaint alleges the following:

---

[1] The recitation of facts is taken from Plaintiffs' Complaint and is set forth for the purposes of this Opinion only. It in no way relieves the parties of the necessary proof of the facts herein.

Kimera Labs manufactures an acellular product known as exosomes. An exosome is a nano particle lipid vesicle, and the primary communication device between cells; they transfer ribonucleic acids, as well as other proteins, between cells for the primary purpose of healing.

Exosomes have been used to treat a variety of conditions, but Kimera Labs' exosomes are marketed for topical applications only.

From time-to-time from February through August 2018, Direct Biologics purchased exosomes from Kimera Labs. Direct Biologics sold some but not most of the exosomes it purchased from Kimera Labs and gave away many samples to doctors for clinical use.

Kimera Labs' failure to receive accreditation from the American Association of Tissue Banks led Direct Biologics to question Kimera Labs' manufacturing processes and the quality and safety of its exosomes. It thus had several samples of the exosomes in its inventory tested. The exosomes tests were performed by a firm called RayBiotech, a laboratory known to be used by Kimera Labs.

The test results were significant in that the protein levels in the samples widely varied where there should have been a consistent and appreciable amount of detected proteins in each lot. The test results confirmed Direct Biologics' concerns regarding Kimera Labs' manufacturing processes, and the quality of its products. Direct Biologics thus quarantined its remaining inventory of Kimera

Labs' exosomes, as none of it can be safely sold to a doctor without first testing its chemical composition.

Kimera Labs breached its implied warranty of merchantability in selling Direct Biologics exosomes that cannot be sold without first testing for their chemical composition.

Direct Biologics has been damaged by Kimera Labs' breach in that it paid Kimera Labs more than $100,000 for the unsellable exosomes in its inventory.

Defendant moves to dismiss Count III for failure to state a cause of action under Rules 12(b)(6).

**Legal standard**

In examining a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts all of Plaintiff's factual allegations as true and construes those allegations in Plaintiff's favor. *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). To survive such a motion, Plaintiff's complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp*, 561 F.3d 778, 783 (8th Cir. 2009). Put simply, Plaintiff's claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court revisited the standards for determining whether factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle [ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact), see, *e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic,* 550 U.S. at 555–56 (footnote omitted); *see Ashcroft v. Iqbal,* 556 U.S. 662, (2009) (instructing that "short and plain statement" requirement "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."). Thus, the Eighth Circuit Court of Appeals has recognized that, under *Bell Atlantic,* "To survive a motion to dismiss, a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level....'" *Parkhurst v. Tabor,* 569 F.3d 861, 865 (8th Cir.2009) (quoting *Bell Atlantic,* 550 U.S. at 555). To put it another way, "the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.' " *B & B Hardware, Inc. v. Hargis Indus., Inc.,* 569 F.3d 383, 387 (8th Cir.2009) (quoting *Bell Atlantic,* 550 U.S. at 570); *accord Iqbal,* 556 U.S. at 678("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' ") (quoting *Bell Atlantic,* 550 U.S. at 557).

The court must still "accept as true the plaintiff's well pleaded allegations." *Parkhurst,* 569 F.3d at 865 (citing *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *B & B Hardware, Inc.,* 569 F.3d at 387 ("[W]e 'assume[ ] as true all factual allegations of the complaint' " (quoting *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir.2007))). The court must also still "construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire*

*Corp.,* 514 F.3d 801, 806 (8th Cir.2008) (post-*Bell Atlantic* decision). On the other hand, "[w]here the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co., Inc.,* 524 F.3d 866, 870 (8th Cir.2008) (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir.1997), for this standard in a discussion of Rule 12(b)(6) standards in light of *Bell Atlantic* ).

## Discussion

Claims that a defendant breached the implied warranty of merchantability require that a plaintiff prove that defendant: (1) sold goods to the plaintiff; (2) that were not "merchantable" at the time of the sale; (3) the plaintiff suffered injury or damages to himself or his property; (4) the defective nature of the goods was the proximate cause of the harm, and; (5) plaintiff gave notice to the defendant. *Hope v. Nissan N.A., Inc.*, 353 S.W.3d 68, 90 (Mo. Ct. App. 2011).

Defendants argue Count III must be dismissed because Plaintiff failed to allege that the exosomes at issue were not merchantable *at the time of sale*. Under the stated standards, however, it is a reasonable inference that the allegedly non-merchantable exosomes at issue were in not merchantable at the time of sale. Plaintiff alleges Defendant manufactures exosomes, that Plaintiff questioned Defendant's manufacturing processes and the quality and safety of its exosomes, and that Plaintiff purchased exosomes from Defendant. Assuming the truth of the

allegations, it can be inferred that the exosomes at issue were manufactured below what Plaintiff believes to be acceptable.

Defendant's reliance on *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007) is unpersuasive in light of the standards set forth in *Twombly* and *Iqbal*. *See Cornerstone Consultants v. Production Input Solutions, L.L.C.*, 789 F.Supp.2d 1029, (N.D. IA 2011).

Likewise, Defendant's argument that Count III must be dismissed for failure to satisfy the heightened pleading requirements of Rule 9(c) is without merit. Rule 9(c) provides:

> [i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." The administrative filing requirements of Title VII are "a condition precedent to suit subject to the pleading requirements of Rule 9(c)."

Defendant argues that Plaintiff has "in effect" asserted a condition: the sale of exosomes with consistent and appreciable amounts of detected proteins, and therefore, Plaintiff must plead the lack of condition with particularity under Rule 9(c). Plaintiff, however, has not asserted that a "condition" has not been satisfied, rather, Plaintiff alleges that the products it received. *i.e.*, the exosomes were not merchantable when received, and therefore alleges Defendant breached the implied warranty of merchantability.

7

> "A condition precedent is a condition which must be fulfilled before the duty to perform an existing contract arises." *Lowery v. Air Support Int'l, Inc.*, 982 S.W.2d 326, 329 (Mo. Ct. App. 1998). *See also Wheelhouse Marina Real Estate, L.L.C. v. Bommarito*, 284 S.W.3d 761, 771 (Mo. Ct. App. 2009) ("The condition must occur before the duties prescribed by the contract must be performed.").
>
> "Conditions precedent are usually created by such phrases as 'on condition,' 'provided that,' 'so that,' and the like, although such expressions are not necessary if the contract is of such a nature as to show that parties intended to provide for a condition precedent." *Kansas City Live Block 125 Retail, LLC v. Bhakta*, 476 S.W.3d 326, 332 (Mo. Ct. App. 2015) (quotation marks omitted). "Missouri law clearly does not favor conditions precedent," and "[c]ourts should not construe contract provisions to be conditions precedent unless required to do so by plain, unambiguous language or by necessary implication." *James E. Brady & Co. v. Eno*, 992 F.2d 864, 869 (8th Cir. 1993).

*CitiMortgage, Inc. v. Equity Bank, N.A.*, 261 F. Supp. 3d 942, 952 (E.D. Mo. 2017), *order clarified*, No. 4:15-CV-230-SPM, 2017 WL 7693367 (E.D. Mo. Dec. 1, 2017), and *aff'd,* 942 F.3d 861 (8th Cir. 2019). Plaintiff is not alleging a breach of a condition precedent; Plaintiff is alleging a breach of the implied warranty of merchantability, which arises from the sale of the exosomes.

## Conclusion

Under the applicable legal standards, assuming the truth of the allegations in the Complaint and drawing all reasonable inferences in favor of Plaintiffs, Plaintiffs' Complaint withstands the Rule 12(b)(6) challenge.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. No. 40] is denied.

Dated this 14th day of January, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE