UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIRECT BIOLOGICS LLC,                )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )    Case No. 4:18CV2039 HEA
                                     )
KIMERA LABS, INC., et al.,           )
                                     )
    Defendants.                      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel and Deem

Requests for Admission as Admitted, [Doc. No. 183]. Defendant opposes the

Motion.  For the reasons set forth below, the Motion is denied.

Plaintiff seeks an order from this Court requiring Defendant to produce

documents and admit certain statements.

Plaintiff details the course of events leading up to its filing of the Motion:

On August 25, 2020, Direct Biologics filed its Amended Consolidated Complaint

asserting claims for fraud, violations of the Missouri Franchise Act, breach of

implied warranty, breach of express warranty, tortious interference (multiple

claims), and breach of contract. On October 28, 2020, Kimera filed its Amended

Answer, Affirmative Defenses and Amended Counterclaims asserting claims for

product disparagement; interference with business relations; fraud; trademark

1

infringement, false advertising, and comparative false advertising under the Lanham Act; unjust enrichment; and account stated.

On December 9, 2022,1 Direct Biologics served the Sixth Request. The deadline for Kimera to respond to the Sixth Request was January 9, 2023. Also on December 9, 2022, Direct Biologics served the Requests for Admission. The deadline for Kimera to respond to the Requests for Admission was January 9, 2023.

On January 9, 2023, Kimera responded to the Requests for Admission, marking the same as "Confidential – Attorneys' Eyes Only." Kimera did not serve a response to the Sixth Request at that time.

On January 31, 2023, Direct Biologics' counsel sent a letter to Kimera's counsel, addressing a multitude of discovery deficiencies, including that Kimera had outright failed to respond to the Sixth Request, and that Kimera denied almost every one of the Requests for Admission.

On February 23, 2023 Direct Biologics' counsel and Kimera's counsel met via video conference to discuss the Good Faith Letter and discovery deficiencies discussed therein. Counsel discussed the Good Faith Letter, and Kimera's counsel represented that Kimera was reviewing the responses to the Requests for Admission, and that it would respond the following week (i.e., the week of

February 27 through March 3, 2023). Kimera also represented that it would respond to the Sixth Request by March 3, 2023.

Kimera did not respond to the Good Faith Letter or otherwise amend any discovery responses or serve responses to the Sixth Request by March 3, 2023.

On March 9, 2023, Kimera served its written responses to the Sixth Request, Kimera did not produce any responsive documents with its responses, but rather, represented throughout that it "will produce" documents in its possession, custody, or control. Also on March 9, 2023, the parties filed a Joint Motion for Extension of Deadlines, explaining that extensions to the deadline to file motions to compel and the deadline to file motions for summary judgment needed to be extended because certain depositions were scheduled to take place after the close of discovery, and that those depositions may produce information necessary to support any motions to compel or motions for summary judgment.

On March 10, 2023, the Court entered its Order granting the Joint Motion and extending the deadline to file motions to compel to March 28, 2023 and extending the deadline to file motions for summary judgment to April 7, 2023.

On March 23, 2023, counsel for Direct Biologics emailed counsel for Kimera, requesting production of the documents referenced in Kimera's responses to the Sixth Requests, and asking counsel for Kimera to advise whether it would be

addressing the other discovery issues set forth in the Good Faith letter. Counsel for

Kimera has not responded to this email.

As of the date of the Motion, Kimera had not produced documents

responsive to the Sixth Request, had not amended or supplemented its responses to

the Requests for Admission, and had not otherwise responded to the Good Faith

Letter.

In its Reply to Defendant's Response to the Motion to Compel, Plaintiff

advises the Court that Defendant has produced documents responsive to the Sixth

Request, but still seeks legal fees and costs as a sanction for the untimely

production.

### Motion to Compel Standards

Trial courts have broad discretion in settling discovery disputes. *Thurman v.

Am. Honda Motor Co.*, No. 22-CV-04007-WJE, 2023 WL 3692840, at *1–4 (W.D.

Mo. May 29, 2023); *Miller v. Buckner*, No. 6:21-cv-03081-MDH, 2022 WL

17585277, at *1 (W.D. Mo. Dec. 12, 2022) (citing *Hofer v. Mack Trucks, Inc.*, 981

F.2d 377, 381 (8th Cir. 1992)). Federal Rule of Civil Procedure 26(b)(1) governs

the scope of discovery, providing:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to
any party's claim or defense and proportional to the needs of the case,
considering the importance of the issues at stake in the action, the amount in
controversy, the parties' relative access to relevant information, the parties'
resources, the importance of the discovery in resolving the issues, and
whether the burden or expense of the proposed discovery outweighs its

likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"[T]he burden is initially on the requesting party to make a threshold showing of relevance." *Miller*, 2022 WL 17585277, at \*2 (citation omitted). "While the standard of relevance in the context of discovery is broader than in the context of admissibility ... this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer*, 981 F.2d at 380. Assuming relevance, the burden shifts to the opposing party to "establish a lack of relevance and/or undue burden." *Belmont v. Medicredit, Inc.*, No. 2:18-cv-04102-BCW, 2019 WL 13280211, at \*1 (W.D. Mo. Jan. 15, 2019) (citation omitted). "[T]here is 'no black letter rule of law' regarding ... discovery disputes in products liability cases, 'other than to state that discovery of similar, if not identical, [components are] generally permitted." *Pandolfo v. Exactech, Inc.*, No. 4:20-cv-00535-AGF, 2021 WL 2187910, at \*3 (E.D. Mo. May 28, 2021) (quoting *Hofer*, 981 F.2d at 380–81). The Court must make "a fact specific determination of the extent of the similarities or dissimilarities, and ... inquire[ ] about the basis for the discovery request." *Hofer*, 981 F.2d at 381. "[T]he relevant standard is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory [of liability]." *Unitherm Food Sys., Inc. v. Hormel Foods Corp.*, No. 14-4034-JNE/BRT, 2015

WL 13021687, at *4 (D. Minn. Aug. 27, 2015), *aff'd sub nom. HIP, Inc. v. Hormel Foods Corp.*, 888 F.3d 334 (8th Cir. 2018) (quotation omitted).

Plaintiff no longer argues Defendant owes it documents; rather, Plaintiff continues to seek attorney's fees and expenses for having to file the motion to compel pursuant to Fed.R.Civ.P.37(a)(5)(A).

**(a) Motion for an Order Compelling Disclosure or Discovery.**

**(5)** *Payment of Expenses; Protective Orders.*

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37.

Plaintiff argues sanctions must be entered because the production occurred after it filed its motion.  Looking specifically at the parties' interactions, it appears that parties were conducting discovery discussions and agreements for extensions. It does not appear to the Court that Defendant was specifically withholding the

6

requested documentation.  As such, the Court believes the circumstances make an award of expenses unjust and will deny the request.

With respect to Plaintiff's motion seeking the Court's Order requiring Defendant to admit the requests to admit, the Court agrees with Defendant that its answers to the requests to admit correspond to the questions posed.  Whether third parties refer to Defendant's product as something other than what Defendant refers to its products as does not require Defendant to admit that it permits third parties to do so. As Defendant points out, Plaintiff may question the veracity of the denials throughout the trial.  The Motion seeking amendment of the response to the request to admit is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and Deem Requests for Admission as Admitted, [Doc. No. 183], is **DENIED**.

Dated this 29th  day of June,  2023.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE