UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECT BIOLOGICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18CV2039 HEA |
| | ) | |
| KIMERA LABS, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kimera Labs, Inc.'s Motion for Partial Summary Judgment, [Doc. No. 215]. Plaintiff opposes the Motion. The Motion will be denied.

Kimera (hereinafter "Defendant") seeks summary judgment on its Fourth Counterclaim for trademark infringement, in violation of 15 U.S.C. § 1114(1); Fifth Counterclaim for false designation of origin/unfair competition in violation of 15 U.S.C. § 1125(2); Sixth Counterclaim for False Advertising in violation of 15 U.S.C. 1125; and Seventh Counterclaim for Comparative False Advertising in violation of 15 U.S.C. § 1125.

Defendant argues the uncontroverted material facts establish a likelihood of confusion between its regenerative medicine exosome product sold under the XOGLO trademark with Plaintiff's products sold under the mark XoFlo and

ExoFlo. Defendant also seeks summary judgment on its claim that Plaintiff made false and/or misleading statements of fact in advertising its products by making false statements about test results comparing the properties of the products at issue.

Plaintiff responds through its argument that these issues cannot be resolved through a summary judgment motion because they involve fact intensive inquiries of disputed material facts.

## Legal Standard

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Paulino v. Chartis Claims, Inc*., 774 F.3d 1161, 1163 (8th Cir. 2014). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

To preclude the entry of summary judgment, the non-moving party must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The evidence is viewed "in the light most favorable to the nonmoving party," which includes drawing all reasonable inferences in that party's favor. *Pedersen v.*

*Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015) (quoting

*Johnson v. Wells Fargo Bank, N.A.*, 744 F.3d 539, 541 (8th Cir. 2014)). But

"[c]redibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge."

*Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2505. A fact is material if it might affect

the outcome of the lawsuit. *Id.* "To defeat a motion for summary judgment, a party

may not rest upon allegations, but must produce probative evidence sufficient to

demonstrate a genuine issue [of material fact] for trial." *Davenport v. Univ. of Ark.*

*Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009).

## Discussion

## Trademark Infringement and False Designation of Origin and Unfair Competition

The relevant portions of the Lanham Act provide:

1) Any person who shall, without the consent of the registrant—

> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

3

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

As used in this paragraph, the term "any person" includes the United States, all agencies and instrumentalities thereof, and all individuals, firms, corporations, or other persons acting for the United States and with the authorization and consent of the United States, and any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity. The United States, all agencies and instrumentalities thereof, and all individuals, firms, corporations, other persons acting for the United States and with the authorization and consent of the United States, and any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this chapter in the same manner and to the same extent as any nongovernmental entity.

15 U.S.C.A. § 1114.

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographical origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §1125(a)(1).

To determine whether a likelihood of confusion exists, courts typically apply a balancing test with six factors. The factors are:

(1) the strength of the owner's mark; (2) the similarity between the owner's mark and the alleged infringer's mark; (3) the degree to which the products compete with each other; (4) the alleged infringer's intent to 'pass off' its goods as those of the trademark owner; (5) incidents of actual confusion; and, (6) the type of product, its cost, and conditions of purchase.

*Sensient Techs. Corp. v. SensoryEffects Flavor Co*., 613 F.3d 754, 763 (8th Cir. 2010) (quoting *Frosty Treats Inc. v. Sony Comput. Ent. Am. Inc.,* 426 F.3d 1001, 1008 (8th Cir. 2005)). Courts "do not apply any mathematical formula in analyzing these factors." *Id*. Instead, courts "use them at the summary judgment stage as a guide to determine whether a reasonable jury could find a likelihood of confusion." *Id*.

To assess the likelihood of confusion as required for a showing of infringement, our circuit employs a list of nonexclusive factors for addressing a core inquiry: whether the relevant average consumers for a product or service are likely to be confused as to the source of a product or service or as to an affiliation between sources based on a defendant's use. See *Anheuser–Busch, Inc. v. Balducci Publ'ns*, 28 F.3d 769, 774 (8th Cir.1994) (noting that protection extends " 'against use of [plaintiff's] mark on any product or service which would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner' " (quoting McCarthy § 24.03 (3d. 1992) (alteration in original))). The factors we consider come from *SquirtCo v. Seven–Up Co*., 628 F.2d 1086, 1091 (8th Cir. 1980), and

include: (1) the strength of the owner's mark; (2) the similarity of the owner's mark and the alleged infringer's mark; (3) the degree to which the products compete with each other; (4) the alleged infringer's intent to "pass off" its goods as those of the trademark owner; (5) incidents of actual confusion; and (6) the type of product, its costs and conditions of purchase.

*Select Comfort Corp. v. Baxter*, 996 F.3d 925, 933 (8th Cir. 2021).

The Court agrees that the record is replete with disputed material facts as articulated in Plaintiff's response in opposition to Defendant's Motion such that Defendant is not entitled to judgment as a matter of law. Fact intensive inquiry at this point precludes entry of summary judgment.

**False Advertising and Comparative False Advertising**

The false advertisement provision of the Lanham Act prohibits the misrepresentation of goods—from the advertiser or another person—through commercial advertisements or promotions. *Rhone-Poulenc Rorer Pharm., Inc. v. Marion Merrell Dow, Inc.*, 93 F.3d 511, 514 (8th Cir. 1996). A prohibited misrepresentation may concern "the nature, characteristics, qualities, or geographic origin" of the goods. 15 U.S.C. § 1125(a)(1)(B). To establish a claim under this provision for false advertisement, a plaintiff must establish:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product;

> (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience;

> (3) the deception is material, in that it is likely to influence the purchasing decision;

> (4) the defendant caused its false statement to enter interstate commerce; and
>
> (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

*United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998) (citations omitted). Additionally, a false advertising claim under the Lanham Act is only extended to protect a plaintiff's injuries that fall within the "zone of interest" contemplated by the statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 131–32 (2014). Specifically, a false advertising claim only protects a plaintiff who "allege[s] an injury to a commercial interest in reputation or sales." *Id*. (emphasis added). Further, the injury must also be proximately caused by Defendant's violation of the Lanham Act. *Id*. at 133 (stating that a plaintiff "ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff."). *Johnson v. J.P. Parking, Inc*., No. 422CV00146SMRHCA, 2024 WL 676770, at *15–16 (S.D. Iowa Feb. 20, 2024).

Plaintiff points out Defendant has not addressed its expert, Dr. John Ransom, and Defendant's assertions are based on faulty premises. Defendant argues Plaintiff's EXFLO Info Packet contains misleading and false statements. The record before the Court contains instances of hotly disputed material facts

which preclude summary judgment on the Counterclaims for False Advertising and Comparative False Advertising.

## Conclusion

Based upon the foregoing, the record establishes disputed material facts exist with respect to Defendant's Fourth, Fifth, Sixth, and Seventh Counterclaims. The Motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment, [Doc. No. 215], is **denied**.

Dated this 30th day of March, 2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE